# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00304-GCM

| | |
|---|---|
| SONA OLIVER, <br><br> **Plaintiff,** <br><br> v. <br><br> PHH MORTGAGE CORPORATION OCWEN LOAN SERVICING, LLC, <br><br> **Defendants.** | **ORDER** |

**THIS MATTER** comes before the Court upon Defendant PHH Mortgage Corporation's Motion to Dismiss (ECF Doc. 4) and Motion to Strike Plaintiff's Second Amended Complaint (ECF Doc. 9), as well as Plaintiff's *pro se* Motion for Restraining Order and Injunction (ECF Doc. 17) and Mr. Terry Duncan's Motion to Dismiss (ECF Doc. 23).

## I.  BACKGROUND

The pleadings in this case pertain to a mortgage foreclosure, which Plaintiff claims was wrongful. *See* ECF Doc. 1-11. Plaintiff proceeds in the matter *pro se*. She first attempted to bring this action in the Superior Court of Mecklenburg County where she filed a complaint against Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc., Ocwen Loan Servicing, LLC, C. Renee Little, David Mathney, Matthew Washburn, and Kyle Deak. ECF Doc. 1-2 at 1. However, the civil summons issued only named "Ocwen Financial Corp., Ocwen Loan Servicing, Successor, PHH Mortgage." *Id.* at 2. Subsequent to the filing of Plaintiff's complaint, Defendants PHH Mortgage Corporation, Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc., Ocwen Loan Servicing, LLC, and Kyle Deak filed a motion to dismiss. ECF Doc. 1-3. Next, Plaintiff filed her First Amended Complaint, naming Ocwen Loan Servicing, LLC, PHH Mortgage

Corporation, ABC Corp, 1-15, and John and Jane Doe, 1-10, as defendants. ECF Doc. 1-11. Defendant PHH Mortgage Corporation, successor by merger to Ocwen Loan Servicing, LLC, contends that the First Amended Complaint was never properly served. ECF Doc. 1 at 7–8. But, upon obtaining a copy of the filed First Amended Complaint from the Clerk of Court, it properly removed this action to the Western District of North Carolina. *See id.* Defendant PHH Mortgage Corporation then filed its Motion to Dismiss in this Court. ECF Doc. 4. Plaintiff had notice of her response deadline, as she filed a Motion for Extension of Time, which the Court granted— thereby making her response deadline July 31, 2020. *See* ECF Doc. 6. Rather than filing a response to the Motion to Dismiss, Plaintiff untimely filed a Second Amended Complaint on August 11, 2020, without leave of the Court or consent of counsel. *See* ECF Doc. 7. While awaiting the Court's ruling on the Motion to Dismiss, Plaintiff filed her Motion for Restraining Order and Injunction. ECF Doc. 17. Mr. Terry Duncan, who was not named in the First Amended Complaint, also filed a Motion to Dismiss. ECF Doc. 23. Any additional relevant facts are set forth in the discussion below.

**II.     DISCUSSION**

The Court proceeds to analyze these motions in the most efficient and just way possible, beginning with Defendant PHH Mortgage Corporation's Motion to Strike Plaintiff's Second Amended Complaint before proceeding to the pending motions to dismiss and Plaintiff's Motion for Restraining Order and Temporary Injunction.

**A.  Motion to Strike Plaintiff's Second Amended Complaint**

Defendant PHH Mortgage Corporation, successor by merger to Ocwen Loan Servicing, LLC, filed its Motion to Strike Plaintiff's Second Amended Complaint when Plaintiff filed her Second Amended Complaint sixty-four days after the Motion to Dismiss was filed, without leave

of the Court and without consent of opposing counsel. Rule 15 of the Federal Rules of Civil Procedure only allows parties to amend a pleading once as of right and such amendment must be "within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). After that, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Even in cases with a *pro se* litigant, it is acceptable for the court to strike a complaint that is filed where there is no right to amend as a matter of course, there is no written consent from the opposing party, and there is no leave of the court granted. *See Teal v. CB Richard Ellis, Inc.*, No. 3:13–CV–169, 2013 WL 5276702, at *2 (W.D.N.C Sept. 18, 2013).

Here, Plaintiff never sought the Court's leave to amend her complaint and Defendant did not consent to her amending the complaint. Moreover, Plaintiff filed the Second Amended Complaint on August 11, 2020. This was subsequent to her deadline to respond to Defendant PHH Mortgage's Motion to Dismiss, which was extended from June 22, 2020 to July 31, 2020, pursuant to Plaintiff's Motion for Extension of Time. *See* ECF Doc. 6. Thus, even if the Second Amended Complaint is construed as a response to Defendant PHH Mortgage's Motion to Dismiss, it is an untimely one and there is ample evidence that Plaintiff knew of her deadline to respond. The Court finds that Defendant PHH Mortgage Corporation's Motion to Strike Plaintiff's Second Amended Complaint should be granted.

**B. Mr. Terry Duncan's Motion to Dismiss**

Because the Second Amended Complaint, which is the complaint that named Mr. Duncan, shall be struck from the record, Mr. Duncan's Motion to Dismiss (ECF Doc. 23) should be denied as moot.

### C. Defendant PHH Mortgage Corporation's Motion to Dismiss

The Court now turns to Defendant PHH Mortgage Corporation's Motion to Dismiss (ECF Doc. 4), since the Motion to Dismiss pertains to the operable complaint. Defendant PHH Mortgage Corporation ("PHH Mortgage") filed a Motion to Dismiss pursuant to Rule 12(b)(2), (4), (5), and (6) of the Federal Rules of Civil Procedure. For the reasons stated below, the Motion to Dismiss should be granted due to insufficient process, insufficient service of process, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(2), (4), (5), and (6), respectively.

A court may not exercise personal jurisdiction over a defendant where the procedural requirements of service of summons are not satisfied. *Omni Cap. Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). The "plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003). Actual notice that the lawsuit is occurring is insufficient, the "plain requirements for the means of effecting service of process may not be ignored." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). Actual notice of the litigation does entitle courts to liberally construe the rules regarding service of process and "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Id.* Nevertheless, the Court is not entitled to ignore the plain requirements of the rules regarding effective service of process simply because actual notice of the litigation exists or even because a plaintiff is proceeding *pro se*. *Id.*; *Cunningham v. Wells Fargo N.A.*, No. 3:19-cv-00528-FDW, 2020 WL 5300843, at *2 (W.D.N.C. Sept. 4, 2020); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) (establishing that *pro se* litigants must comply with procedural rules and courts cannot "excuse mistakes by those who proceed without counsel").

Rule 4(h) provides that a plaintiff may perfect service on a corporation either by: (1) delivering a copy of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or (2) serving the corporation pursuant to the state law for serving a summons in North Carolina. *See* Fed. R. Civ. P. 4(h)(1)(A)–(B). Under North Carolina law, service upon a corporation may be made:

> a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office.
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.
> d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a. and b., delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.

N.C. Gen. Stat. § 1A-1, Rule 4(j)(6).

Here, Plaintiff sent a copy of the Summons and Complaint directly to counsel for PHH Mortgage via certified mail. ECF Doc. 1-12. Defendant PHH Mortgage did not authorize counsel to accept service of the original Complaint and Summons, nor did counsel for PHH Mortgage indicate that the January 16, 2020, Certified Mail receipt indicated proper service. ECF Doc. 5 at 9. Moreover, Defendant PHH Mortgage contends Plaintiff failed to properly serve the First Amended Complaint where she emailed an unsigned and unfiled copy of the word document to counsel for PHH on March 19, 2020. *Id.* at 10. Plaintiff does not argue that Defendant PHH Mortgage's representation of how her complaints were served is inaccurate. The most Plaintiff

argues, not in response to the Motion to Dismiss but in her amended response to the motion to strike, is that she mailed the complaint directly to Defendants and "[t]here was a delay and error with receivership at the Clerk's Office and, the mail was returned, undeliverable." ECF Doc. 16 at 2. Further, even if the Court were to construe Plaintiff's untimely Second Amended Complaint as a response to Defendant's Motion to Dismiss, Plaintiff simply states the complaint was served upon the Defendants via certified mail. ECF Doc. 7, ¶ 9. Plaintiff has clearly failed to uphold her burden of establishing that service of process was performed in accordance with the rules. Consequently, the Court also lacks personal jurisdiction over Defendant PHH Mortgage.

Even where a plaintiff is *pro se*, "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *See McNeil*, 508 U.S. at 113 (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)). The rules regarding service are created for a reason and are intended to ensure due process. *See Shaver v. Cooleemee Volunteer Fire Dep't*, No. 1:07cv00175, 2008 WL 942560, at *2 (M.D.N.C. Apr. 7, 2008) (explaining the need to follow the stricture of service rules for corporations). Though the result of today's ruling may appear harsh to Plaintiff, Plaintiff cannot expect the Court to cast aside its procedural rules simply because a party decides to go forward unrepresented. The Court finds that Plaintiff's First Amended Complaint (the operable complaint) should be dismissed.

Though the Court has already determined that Plaintiff's First Amended Complaint should be dismissed, it further addresses whether Plaintiff's claims are barred by the doctrines of collateral estoppel or *res judicata* because these doctrines inform the Court's analysis regarding whether Plaintiff's First Amended Complaint should be dismissed with or without prejudice. Defendants may assert that a plaintiff failed "to state a claim upon which relief can be granted." Fed. R. Civ.

P. 12(b)(6). Here, among other contentions, Defendant argues dismissal is appropriate under Rule 12(b)(6) pursuant to the doctrines of collateral estoppel or *res judicata*.

The doctrines of collateral estoppel and *res judicata* apply to North Carolina foreclosure proceedings where a plaintiff fails to perfect an appeal after the clerk of court authorizes a foreclosure sale, such as where the plaintiff fails to pay the required bond. *See, e.g.*, *Mixon v. Wells Fargo Home Mortg.*, No. 3:12–cv–77–RJC–DLH, 2012 WL 1247202, at *2 (W.D.N.C. Apr. 13, 2012) (explaining the statutory procedure for appeals from a clerk of court's decision); *In re Hackley*, 713 S.E.2d 119, 125 (N.C. Ct. App. 2011) (discussing failure to perfect an appeal of the clerk of court's decision where no bond was paid). Here, the clerk of court properly entered an order authorizing foreclosure under the statutory requirements. *See* N.C. Gen. Stat. § 45-21.16(d); ECF Doc. 5-2. There is no evidence that Plaintiff perfected her appeal by paying the required bond. Consequently, Plaintiff cannot challenge the validity of the foreclosure sale because the issue is *res judicata*, and her First Amended Complaint should be dismissed with prejudice.[1] Therefore, the Court will grant PHH Mortgage's Motion to Dismiss in all respects except that of taxing costs against Plaintiff. *See* Fed. R. Civ. P. 54(d) (providing courts discretion in deciding whether costs should be allowed to the prevailing party). Given the circumstances surrounding this case, the Court uses its discretion to refuse to tax costs against Plaintiff.

### D. Plaintiff's Motion for Restraining Order and Injunction

---

[1] Even under N.C. Gen. Stat. § 45-21.34, which allows parties with a legal or equitable interest in the real estate to apply to the superior court to enjoin such foreclosure sale upon legal or equitable grounds, Plaintiff's claims would still be barred. *See* N.C. Gen. Stat. § 45-21.34. Such application must occur "prior to the time that the rights of the parties to the sale or resale becom[e] fixed[.]" *Id.* In sum, "the rights of the parties to a foreclosure sale become fixed upon either the expiration of the period for filing an upset bid, the provision of injunctive relief precluding the consummation of the foreclosure sale, or the occurrence of some similar event." *Goad v. Chase Home Fin., LLC*, 704 S.E.2d 1, 5 (N.C. Ct. App. 2010). Where an application to enjoin a foreclosure sale remains undecided at the time the parties' rights become fixed, the Court can no longer enjoin such sale. *See id.* at 5. To be clear, assuming *arguendo* that Plaintiff has standing under the statute, Plaintiff's First Amended Complaint still does not appear to make any claim for relief under N.C. Gen. Stat. § 45-21.34. Nevertheless, the Court notes that the parties' rights are now fixed, and any argument regarding the Court's power to enjoin the foreclosure sale upon equitable grounds is moot.

Because this case will be dismissed, Plaintiff's Motion for Restraining Order and Injunction should be denied as moot.

### III. ORDER

For the reasons stated herein, **IT IS THEREFORE ORDERED**:

1. The Motion to Strike Plaintiff's Second Amended Complaint (ECF Doc. 9), filed by PHH Mortgage Corporation, successor by merger to Ocwen Loan Servicing, LLC, is **GRANTED**;

2. The Motion to Dismiss (ECF Doc. 23) filed by Mr. Terry Duncan is **DENIED AS MOOT**;

3. The Motion to Dismiss (ECF Doc. 4), filed by PHH Mortgage Corporation, successor by merger to Ocwen Loan Servicing, LLC, is **GRANTED IN PART AND DENIED IN PART** as indicated herein;

4. Plaintiff's First Amended Complaint (ECF Doc. 1-11) is **DISMISSED**;

5. Plaintiff's Motion for Restraining Order and Injunction (ECF Doc. 17) is **DENIED AS MOOT**.

**SO ORDERED.**

Signed: February 1, 2021

Graham C. Mullen
United States District Judge